WATFORD, Circuit Judge,
dissenting:
The officers had reasonable suspicion to stop and question Nava-Maytorel, but I don’t think his consent to search the car was voluntarily given.
We apply a five-factor test when determining whether consent was voluntary, and here as in United States v. Washington, 490 F.3d 765 (9th Cir. 2007), two of the factors favor the defendant, two favor the government, and one is inapplicable. As in Washington, Nava-Maytorel had been seized for Fourth Amendment purposes when the officers asked for consent, and the officers never informed Nava-Maytorel that he had the right not to consent. (Nava-Maytorel had been seized because the officers obtained and did not return his immigration papers; in similar circumstances, we have held that a reasonable person would not feel free to terminate the encounter and leave. See id. at 775; United States v. Chan-Jimenez, 125 F.3d 1324, 1326 (9th Cir. 1997).) These two factors favor Nava-Maytorel. In the government’s favor, the officers did not have their guns drawn, and they did not tell Nava-Maytorel that they could obtain a search warrant if he refused to consent. The last of the five factors—whether the officers gave Miranda warnings—is not applicable here. See Washington, 490 F.3d at 776.
In Washington, we held that the defendant’s consent was involuntary. Sure, there are differences between this case and Washington in terms of the ancillary facts, but as far as the five factors go there is no difference at all. Under Washington, I think the district court clearly erred in finding that Nava-Maytorel’s consent was voluntarily given.